﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 190502-13613
DATE: April 30, 2021

REMANDED

Service connection for a psychiatric disorder, to include posttraumatic stress disorder (PTSD).

Service connection for tinnitus.

Service connection for left carpal tunnel syndrome (CTS).

Service connection for right CTS.

 

REASONS FOR REMAND

The Veteran served on active duty in the United States Air Force from June 1964 to November 1967, from December 1967 to November 1971, and from December 1971 to June 1975. He also served on active duty in the United States Army from May 1978 to September 1978. 

In an August 2015 rating decision, the Veteran was denied service connection for the underlying claims. In May 2018, the Veteran opted into the Rapid Appeals Modernization Program (RAMP) and requested a higher-level review. In January 2019, the higher-level adjudicator found a duty to assist error and determined that the Veteran should undergo a VA examination. The RO issued rating decisions under RAMP in January 2019 and April 2019. 

In a May 2019 notice of disagreement (NOD), the Veteran elected the Evidence Submission Lane. Therefore, the Board may only consider the evidence of record at the time of the rating decision on appeal, as well as any evidence submitted by the Veteran or his representative with, or within 90 days from receipt of, the NOD. 38 C.F.R. § 20.303.

The decision on appeal did not discuss whether new and relevant evidence to readjudicate the previously denied claims of service connection for left and right CTS, bilateral tinnitus, and a psychiatric disorder was received consistent with AMA. 38 C.F.R. §§ 3.156(d), 3.2501. However, in the decision, the RO adjudicated the merits of the issues. The RO’s treatment of these issues is consistent with a favorable finding that new and relevant evidence was received. As there is not clear and unmistakable error in this finding, the Board will not reconsider this question. See 38 C.F.R. § 20.801(a). 

The Board denied this appeal in an April 2020 decision. The Veteran appealed the Board’s decision to the Unite States Court of Appeals for Veterans Claims (Court), which issued an order in November 2020 granting a November 2020 Joint Motion for Remand (JMR). The Court’s order remanded the matter for action consistent with the terms of the JMR. 

 

1. Service connection for a psychiatric disorder, to include PTSD.

In the April 2020 decision, the Board relied on a June 2015 VA opinion. According to the JMR, it is unclear from the examiner’s rationale whether the Veteran’s psychiatric diagnosis is related to his service, notwithstanding his childhood abuse. Furthermore, the examiner’s opinion suggested that the Veteran’s service aggravated a pre-existing psychiatric diagnosis, but it is unclear from the examiner’s rationale whether the Veteran’s current psychiatric diagnosis is related to his service or additionally whether his experiences in service aggravated a psychiatric diagnosis. As such, the JMR found that the Board must determine whether the June 2015 opinion is adequate. 

After review of the June 2015 opinion, the Board now finds that remand for a new VA opinion is warranted to adequately address the concerns raised in the JMR. 

2. Service connection for tinnitus.

In the April 2020 decision, the Board relied on a June 2015 VA examination. According to the JMR, the examiner’s findings are contradictory regarding whether Veteran has tinnitus. The examiner found that the Veteran did not have a diagnosis of tinnitus, but had “occasional tinnitus that occurs with pressure and lightheadedness 1-2x a week.” The examiner then found that the Veteran’s tinnitus is less likely than not related to service because “[h]e really doesn’t have ongoing tinnitus and his hearing loss is minimal. The noises in his head are not ringing as much as a static noise that does not appear to be related to his hearing.” In light of the contradictory statements and inadequate rationale, the JMR found the Board must obtain an adequate examination.

As such, remand for a new VA examination is now warranted. 

3. Service connection for left CTS is remanded.

4. Service connection for right CTS is remanded.

In its April 2020 decision, the Board declined to remand for a VA examination because there was no objective evidence of any bilateral CTS during service. The Board found the Veteran’s lay statements insufficient to trigger VA’s duty to provide any examination with an opinion. To this end, the Board found the Veteran’s statements relating his bilateral CTS to his service to be not credible as the earliest post-service medical evidence of the Veteran’s bilateral carpal tunnel was over 39 years after service. The Board concluded that the Veteran’s contentions conflicted with the absence of treatment evidence for over one decade after service. 

The JMR found that the Board impermissibly relied on an absence of objective medical evidence to discount the Veteran’s lay reports and impermissibly determined that his reports “are not credible and are afforded no probative value” without establishing a proper foundation to do so. In light of the concerns raised in the JMR, the Board finds that, for purposes of this remand, the Veteran’s statements are sufficient to warrant a VA examination. 

The matters are REMANDED for the following action:

1. Schedule the Veteran for an examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the nature and etiology of a psychiatric disorder.

The examiner is asked to address each of the following:

(a.) Did a psychiatric condition preexist the Veteran’s active service? 

(b.) If preexisting his service, did the condition worsen (i.e., increase in severity) during service? If yes, was that worsening due to the natural progress of the disease? 

How certain are you in your answers to questions (b) and (c)? Would any equally qualified medical professional with the same information reasonably be able to reach a different conclusion?

(c.) If you determined in questions (a) and (b) that a condition preexisted service and was aggravated by service, is it at least as likely as not (i.e., at least equally probable) that the current diagnosis represents the present manifestation of that same condition? 

(d.) If not preexisting service, is it at least as likely as not (i.e., at least equally probable) that any current diagnosis had its onset directly during the Veteran’s service or is otherwise causally related to any event or circumstance of his service? 

2. Schedule the Veteran for an examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the nature and etiology of tinnitus.

The examiner is asked to address each of the following:

(a.) Does the Veteran have a current diagnosis of tinnitus? If tinnitus is not diagnosed, the examiner must explain why the Veteran’s complaints of noises in his head do not meet the diagnostic criteria for tinnitus. 

(b.) If tinnitus is diagnosed, whether the diagnosis is at least as likely as not related to an in-service injury, event, or disease. 

3. Schedule the Veteran for an examination (or telehealth interview, review of the record, etc., if an in-person examination is not feasible) by an appropriate clinician to determine the nature and etiology of CTS.

The examiner is asked to address whether the Veteran has CTS that is at least as likely as not related to an in-service injury, event, or disease, including his work as a stenographer. 

 

 

RYAN T. KESSEL

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Bosely, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.